In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00109-CR


______________________________




TYRONE LONDALE TALTON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 5th Judicial District Court


Cass County, Texas


Trial Court No. 2002-M-00079




 




Before Morriss, C.J., Ross and Cornelius,* JJ.


Memorandum Opinion by Justice Ross


*William J. Cornelius, C.J., Retired, Sitting by Assignment



MEMORANDUM OPINION



 Tyrone Londale Talton has filed a notice of appeal under a caption referring to a felony
conviction and also a misdemeanor conviction. Counsel Steven Frost contacted this Court, in
writing, explaining that the inclusion of the misdemeanor conviction in the caption was a mistake
and that the appeal was only from the felony conviction. On June 19, 2003, counsel filed a motion
to dismiss the appeal. That motion is signed by counsel, but is not signed by the defendant as
required by Tex. R. App. P. 42.2(a).

 We contacted counsel in an effort to obtain a motion containing Talton's signature. None has
been forthcoming. In this instance, because of the nature of this appeal and the pendency of the
felony appeal, we find it appropriate to apply Tex. R. App. P. 2 to suspend the operation of
Rule 42.2(a), and based on the representations of counsel, we dismiss the appeal. 

 The appeal is dismissed.




 Donald R. Ross

 Justice


Date Submitted: September 3, 2003

Date Decided: September 4, 2003


Do Not Publish



 all the evidence in a neutral light and set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson, 23 S.W.3d at 7;
Clewis, 922 S.W.2d at 129. In making this review, we examine the evidence weighed by the jury
that tends to prove the existence of the elemental fact in dispute and compare it with the evidence
that tends to disprove that fact. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). 

 Employing appropriate deference to avoid substituting our judgment for that of the fact
finder, we will set aside the verdict for factual insufficiency if the evidence was (1) so weak as to be
clearly wrong and manifestly unjust, or (2) the adverse finding was against the great weight and
preponderance of the available evidence. Johnson, 23 S.W.3d at 9. 

 The evidence brought out at trial shows that Banks was pulled over by police officers who
observed Banks following other cars too closely and swerving from one lane into another. The
arresting officer, Deputy Kelsey Coleman, testified that he smelled alcohol on Banks's breath, that
Banks had difficulty maintaining his balance, and that Banks did not pass a horizontal nystagmus
test. Deputy Michael Landers, who examined Banks in the intoxylizer room after his arrest, testified
that Banks smelled of alcohol and had difficulty maintaining his balance. Landers also testified that
he watched Banks weave down the hallway at the jail, almost hitting the wall. Both officers testified
that Banks's eyes were extremely red, bloodshot, and glassy and that his speech was slow and very
slurred. Both officers then concluded from their observations that Banks was intoxicated to the point
that he did not have the normal use of his mental faculties.

 Defense counsel elicited testimony that Banks has a slight lisp and that his speech is never
particularly clear, suggesting that his slurred speech was not due to alcohol, but was simply his usual
speech pattern. There was also evidence that Banks became very loud and aggressive when accused
of a misdeed. There was no evidence, however, that cast doubt on or contradicted the officers'
descriptions of Banks's physical condition and his apparent intoxication.

 The evidence is both legally and factually sufficient to support the verdict, and the evidence
to the contrary is not so compelling as to require a different result. 

 The judgment is affirmed.



 Ben Z. Grant

 Justice


Date Submitted: January 3, 2002

Date Decided: January 25, 2002


Do Not Publish